# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>　　　　Plaintiff-Appellant<br><br>v.<br><br>EDWARD CONSTANTINESCU, PERRY "PJ" MATLOCK, JOHN RYBARCZYK, GARY DEEL, STEFAN HRVATIN, TOM COOPERMAN, MITCHELL HENNESSEY, DANIEL KNIGHT<br><br>　　　　Defendants-Appellees | No. 24-20143 |

## STATUS REPORT CONCERNING APPEAL

Defendant-Appellee John Rybarczyk ("Rybarczyk"), joined by his co-defendants, respectfully files this status report with the Court subsequent to the Supreme Court's decision in *Kousisis v. United States*, 605 U.S. \_\_\_\_ (2025) ("*Kousisis*").

1.　　As this Court is aware, Rybarczyk and his fellow Defendants-Appellees ("Defendants") were charged in a superseding indictment with, as relevant, conspiracy to commit securities fraud and securities fraud in violation of 18 U.S.C. §§ 1348 and 1349. ROA.216–259. The Government alleged that the

Defendants pumped and dumped a number of different securities by Tweeting about the securities and then selling the securities thereafter. ROA.220.

    2.    On September 5, 2023, the Defendants moved to dismiss the superseding indictment. ROA.10713–10724. They argued that under the Supreme Court's recent decision in *Ciminelli v. United States*, 598 U.S. 306 (2023), which was handed down subsequent to the indictment here, an allegation that a defendant merely deprived someone of "potentially valuable economic information"—*i.e.* trading strategies not posted on Twitter—is not sufficient to allege securities fraud under the Title 18 fraud statutes. ROA.10719. The district court agreed, finding that "*Ciminelli* applies squarely," ROA.4172, and dismissed the superseding indictment on March 20, 2024. ROA.4164–4175.

    3.    The Government has sought to appeal the district court's decision, and in its opening brief, the Government took the position that *Ciminelli* is inapplicable to this case. The Government argues that the superseding indictment, by not expressly pleading the facts under a "right-to-control" theory (as was done in *Ciminelli*), sufficiently alleges that victims' money, and not mere deception, was the aim of the alleged conduct. Dkt. 50 (Gov't Br.) at 20. In doing so, the Government relied upon *United States v. Kousisis*, 82 F.4th 230 (3d Cir. 2023), in which the Third Circuit upheld a conviction because the indictment was pled as "fraudulent inducement" rather than under the "right-to-control" theory. *Id*. at 21.

4. One week after the Government filed its opening brief in this appeal, the Supreme Court granted certiorari in *Kousisis*, calendaring it as No. 23-909 for the October 2024 term.

5. On October 21, 2024, after the defense filed its opposition brief, Rybarczyk filed a motion to hold the appeal in abeyance pending the resolution of *Kousisis*. Dkt. 73. On October 22, 2024, this motion was granted. As described, *Kousisis* was decided on May 22, 2025. This status report now follows.

6. The defense believes that the *Kousisis* decision concerns the narrow question of whether the Government must demonstrate economic loss or an intent to cause economic harm when a defendant fraudulently induces a victim to enter into a contract. The Supreme Court held that there was no requirement that a defendant seek to cause the counterparty victim economic loss under such circumstances; rather, simply obtaining money or property from a victim is sufficient. On its face, the *Kousisis* decision should have little impact on this Court's analysis of this matter, given that the indictment does not allege any specific transactions or contracts between the charged defendants and "victims."

7. Despite this, Rybarczyk does believe that a short additional brief, no more than 2,500 words, setting forth the import of *Kousisis* on this case, if any, would be beneficial to the Court.

8.       In sum, Rybarczyk respectfully requests that this Court allow the parties to file a short supplemental brief, of no more than 2,500 words, by July 31, 2025.

9.       The Government agrees that concise supplemental briefing would be helpful to the Court and asks this Court to permit the parties to simultaneously file supplemental letter briefs addressing *Kousisis*. The Government defers to this Court as to length and timing.

Submitted by:

/s/ Eric S. Rosen
Dynamis LLP
Eric S. Rosen
225 Franklin Street, 26th Floor
Boston, MA 02110
(617) 802-9157
erosen@dynamisllp.com

## CERTIFICATE OF SERVICE

I certify that on June 2, 2025, I caused the foregoing motion to be served upon all Filing Users through the Court's Case Management/Electronic Case Files ("CM/ECF") system.

/s/ Eric S. Rosen
Dynamis LLP
Eric S. Rosen
225 Franklin Street, 26th Floor
Boston, MA 02110
(617) 802-9157
erosen@dynamisllp.com


Q. Tate Williams
Philip H. Hilder
Stephanie K. McGuire
HILDER & ASSOCIATES, P.C.
819 Lovett Blvd.
Houston, TX 77006
713.955.9111

## CERTIFICATE OF COMPLIANCE

1. This status report complies with the type-volume limitations of Fed. R. App. P. 27(d)(2)(A) because excluding the parts of the document exempted by Fed. R. App. P. 32(f) and 5th Cir. R. 32.2, this document contains 611 words.

2. This status report complies with the typeface requirements of Fed. R. App. P. 27(d)(1)(E), Fed. R. App. P. 32(a)(5), and 5th Cir. R. 32.1, and the type-style requirements of Fed. R. App. P. 27(d)(1)(E) and Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word for Windows version 2024 in 14-point Times New Roman.

3. This motion has been scanned for viruses with the most recent version of a commercial virus-scanning program and, according to that program, is free of viruses.

/s/ Eric S. Rosen
Dynamis LLP
Eric S. Rosen
225 Franklin Street, 26th Floor
Boston, MA 02110
(617) 802-9157
erosen@dynamisllp.com