# No. 24-20143

# IN THE

# UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

United States of America,

Plaintiff - Appellant

v.

Edward Constantinescu; Perry "PJ" Matlock; John Rybarczyk; Gary Deel; Stefan Hrvatin; Tom Cooperman; Mitchell Hennessey; Daniel Knight,

Defendants - Appellees

## On Appeal from

United States District Court for the Southern District of Texas

4:22-CR-612-1

**Defendants' supplemental response to the Government's letter (Dkt. 127) concerning the Supreme Court's decision in *Kousisis v. United States*.**

The parties do not dispute, as the Government argues, that after *Kousisis v. United States*, 145 S. Ct. 1382 (May 22, 2025), the "money-or-property fraud statutes" do not require "proof of a victim's economic loss." Dkt. 127 at 3. *Kousisis* was clear in that regard. But even the Government is unsure about whether Kousisis' holding has any effect on this case. As the Government writes, *"[t]o the extent* that the district court's dismissal of the superseding indictment, and the defendants' defense of that dismissal in this appeal," rested on a finding of economic loss, "*Kousisis* has reaffirmed that contention is without legal support." *Id*. at 3-4.

The reason for the Government's understandable hesitancy in extending *Kousisis'* reach to the district court's ruling here is because the district court did not, in fact, hold (or even imply) that the superseding indictment failed because it did not allege "economic loss." Rather, as explained in the defense's supplementary filing, Judge Hanen repeatedly wrote that the superseding indictment did not allege *any* harm to a "victim's traditional property right[s]." R4166, R4170-75. The issue below was not whether an investor did or did not suffer "economic loss." Rather, the undoing of the superseding indictment was its complete failure to allege that the object of the scheme was a *victim's* money or property. R4173-4. Like the Government does now, the superseding indictment equates financial gain with harm

1

to a victim. They are not the same, and *Kousisis*, which reaffirmed decades of precedent holding that a "victim" must suffer some "injury" to qualify as fraud, makes that clear.

Thus, while the Government's supplemental filing neatly summarized *Kousisis'* holding, it neglects to connect that holding to any of the issues raised by the district court's decision. Instead, the Government's filing conflates together "victims" and "investors," now employing the term "victim-investors" to describe those who purchased the securities at issue in the superseding indictment. In doing so, the Government repeats the same flawed understanding of this case that led to the indictment's dismissal below. As the district court described in closely parsing the language of the superseding indictment, when a case is premised upon the "provision of false information or the failure to provide information, most of which pertained to the Defendants' plans to invest or divest in a certain stock," a defendant's financial gain is *not* the equivalent to any victim's loss. *See* R4166, R4172 (although allegations "alleged that obtaining financial gain was an object of the Defendants' scheme to defraud," it is "harming a victim's traditional property right—that is lacking.").

Nor did *Kousisis*, as the Government argues, "conclusively abrogate[ ]" the benefit-of-the-bargain caselaw cited by the defense in their reply brief. Dkt. 127 at 5. Rather, in describing how to distinguish "everyday misstatements from actionable

fraud," the Court directed courts to "embrace[ ] … materiality" as a way to differentiate. *Kousisis*, 145 S.C. at 1396. In doing so, the Court explained that it was the *Government* that proposed an "essence-of-the-bargain test, under which a misrepresentation is material only if it goes "to the very essence of the parties' 'bargain.'" *Id.* (*citing Universal Health Services, Inc. v. United States ex rel. Escobar*, 579 U.S. 176, 194, n. 5 (2016) (*quoting Junius Constr. Corp. v. Cohen*, 257 N.Y. 393, 400, 178 N.E. 672, 674 (1931)); The *Kousisis* Court did not determine exactly what materiality standard was appropriate, however—the defendants did not contest the materiality of their statements. *Id.* Regardless, it is evident that far from rejecting the "benefit of the bargain" test, the Court embraced a heightened materiality standard under which the "essence" or "benefit" of the bargain remained an important guardrail in distinguishing between minor lies and federal frauds.

For these reasons, *Kousisis* maintains the long-held requirement that to plead Title 18 fraud, the Government must allege not just financial gain by a defendant, but harm to a victim. *Kousisis* simply held that "economic loss" was not needed to prove such harm. But because the district court's ruling did not rely on a finding of economic loss, *Kousisis'* "no economic loss requirement" is of no moment.

3

SUBMITTED BY:

/s/ *Eric S. Rosen*
**DYNAMIS LLP**
Eric S. Rosen
225 Franklin St., 26th Floor
Boston, MA 02110
(617) 802-9157–telephone
erosen@dynamisllp.com

**HILDER & ASSOCIATES, P.C.**
Q. Tate Williams
Philip H. Hilder
Stephanie K. McGuire
19 Lovett Blvd.
Houston, Texas 77006
(713) 655-9111–telephone
(713) 655-9112–facsimile
philip@hilderlaw.com
tate@hilderlaw.com
stephanie@hilderlaw.com

4

# CERTIFICATE OF SERVICE

I certify that on August 15, 2025, I caused the foregoing brief to be served upon all Filing Users through the Court's Case Management/Electronic Case Files ("CM/ECF") system.

/s/ *Eric S. Rosen*
**DYNAMIS LLP**
Eric S. Rosen
175 Franklin St., Suite 1200
Boston, MA 02110
(617) 802-9157–telephone
erosen@dynamisllp.com
