

**U.S. Department of Justice**

Criminal Division

*Appellate Section*
*950 Pennsylvania Avenue NW*
*Washington, D.C.  20530*

August 15, 2025

The Hon. Lyle W. Cayce, Clerk
United States Court of Appeals for the Fifth Circuit
600 S. Maestri Place
New Orleans, LA 70130

    Re:   *United States v. Edward Constantinescu, et al.*, No. 24-20143
           United States' Response Regarding *Kousisis v. United States*

Dear Mr. Cayce:

Having stated that "[t]he question presented . . . in *Kousisis* goes to the heart of the issues here," Mot. to Hold Appeal in Abeyance 3, the defendants abruptly change course, now assuring this Court that that question "has no bearing on this case," Supp. Br. 6.  The defendants were right the first time.  Their supplemental filing errs in at least four ways.

*First*, the defendants argue that the district court was correct in dismissing the superseding indictment "because it did not allege *any* harm or injury to a victim," even in light of *Kousisis*.  Supp. Br. 2.  But *Kousisis* clearly shows that the district court was incorrect insofar as its reasoning depended on its belief that victim-investors "received the benefit of the bargain in the form of securities" when they were duped into buying them and therefore were not "deprive[d] . . .

of their money or property through any misrepresentation." ROA.4175. Not so: "intentionally lying to induce a victim into a transaction that will cost her money or property" is fraud, even if the victim "gets a quid pro quo of equal value."[*] *Kousisis v. United States*, 145 S. Ct. 1382, 1398 (2025) (internal quotation marks omitted).

*Second*, the defendants again struggle to distinguish the scheme alleged in the superseding indictment from "traditional pump-and-dump schemes" that, as they seem to concede, still qualify as fraud. Supp. Br. 4-5. For the reasons stated in the Government's reply brief, they remain incorrect, and nothing in *Kousisis* bolsters their unsupported argument. Reply Br. 4-7.

*Third*, the defendants raise for the first time the possibility that this Court could affirm on the ground that their alleged misrepresentations were not material. Supp. Br. 6 n.1. *Kousisis* made no new law regarding materiality, 145 S. Ct. at 1396; the superseding indictment plainly alleges that the defendants made a wide variety of materially false and misleading statements and omissions, ROA.216-254; and, in any event, this Court should decline to reach

---

[*] The defendants also repeat their suggestion that it is significant that the victim-investors did not "contract with" the defendants "directly" to buy shares, so "financial gain is not the mirror image of the victim's injury." Supp. Br. 4. Although *Kousisis* happened to involve a contractual relationship, nothing in the opinion can be understood as disturbing the longstanding rule that the fraud statutes contain no implicit "mirror image" requirement, a rule the defendants appeared to acknowledge in their answering brief. *See* Reply Br. 17-18.

the defendants' skeletal contention advanced for the first time here, *see United States v. Bonilla-Mungia*, 422 F.3d 316, 319 (5th Cir. 2005).

*Fourth*, the defendants heavily rely (Supp. Br. 6-7) on the Second Circuit's decision in *United States v. Chastain*, --- F.4th ---, 2025 WL 2165839 (2d Cir. July 31, 2025), but that decision only underscores the defendants' mischaracterization of the scheme alleged here. *Chastain* grappled with whether confidential business information that lacks economic value is property *at all*, a question that the court emphasized was "different" from the question presented in *Kousisis*. *Id.* at *8. Here, by contrast, the scheme revolved around inducing victim-investors to buy securities they otherwise would not have bought with their money, ROA.216-217—"an interest undisputably covered by the fraud statutes." *United States v. Clark*, 140 F.4th 395, 419 n.9 (7th Cir. 2025).

This Court should reverse.

Respectfully submitted,

NICHOLAS J. GANJEI
United States Attorney
THOMAS H. CARTER
Assistant U.S. Attorney
Southern District of Texas

JOHN J. LIOLOS
Criminal Division, Fraud Section

MATTHEW R. GALEOTTI
Acting Assistant Attorney General

s/ Andrew Laing
ANDREW W. LAING
U.S. Department of Justice
Criminal Division, Appellate Section
950 Pennsylvania Ave. NW
Washington, DC 20530
(202) 353-8433
andrew.laing@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that on August 15, 2025, I caused the foregoing brief to be served upon all Filing Users through the Court's Case Management/Electronic Case Files ("CM/ECF") system. I additionally served the foregoing brief upon Carlos M. Fleites, counsel for defendant Hrvatin, via email and identical hard copy.

> s/ Andrew Laing
> ANDREW W. LAING
> U.S. Department of Justice
> Criminal Division, Appellate Section
> 950 Pennsylvania Ave. NW
> Washington, DC 20530
> (202) 353-8433
> andrew.laing@usdoj.gov