

*Appellate Section*
*950 Pennsylvania Avenue NW*
*Washington, D.C. 20530*

August 21, 2025

The Hon. Lyle W. Cayce, Clerk
United States Court of Appeals for the Fifth Circuit
600 S. Maestri Place
New Orleans, LA 70130

      Re:    *United States v. Edward Constantinescu, et al.*, No. 24-20143
               (argument scheduled for Sept. 3, 2025)

Dear Mr. Cayce:

In accordance with Fed. R. App. P. 28(j), the Government submits this letter regarding the Seventh Circuit's recent decision in *United States v. Smith*, --- F.4th ---, 2025 WL 2406104 (7th Cir. Aug. 20, 2025).

In *Smith*, the defendants traded futures contracts on commodities exchanges, and "[t]hey each employed a fraudulent scheme, known as spoofing, to game the system and manipulate the prices of the" futures for their own benefit. *Id.* at *1. "Spoofing" involves placing large orders that the trader does not intend to actually execute, thus creating an illusion of market activity that affects market prices and "allowing the trader to execute the genuine order at his desired price." *Ibid.* The defendants were convicted of offenses including wire and commodities fraud, in violation of 18 U.S.C. §§ 1343 & 1348(1), and the

Seventh Circuit affirmed. *Id.* at *1-*2. The defendants argued, among other things, "that their fraud convictions cannot stand because spoofing does not involve a misrepresentation about an essential element of the bargain for futures contracts," and the Seventh Circuit rejected their argument, observing that its "task [wa]s made easy by the Supreme Court's decision in *Kousisis*," which abrogated the "essential element of the bargain" case law and made clear that "a fraud conviction can stand if the defendant did no more than use a material misstatement to trick a victim into a contract that requires handing over her money or property." *Id.* at *5-*6 (brackets and internal quotation marks omitted).

*Smith* is another acknowledgement that *Kousisis* has "directly abrogated the line of cases that the defendants in this case invoke." *Id.* at *5; *see* Br. 28-29 (citing those cases and arguing victim-investors were not deprived of money because they "received shares of stock in exchange for money"). *Smith* also undermines the defendants' suggestion in this case that it is significant that the defendants and the victim-investors did not contract with one another *directly*; the Seventh Circuit straightforwardly affirmed notwithstanding the fact that "the deception from spoofing is filtered through third parties and the market as a whole." *Smith*, 2025 WL 2406104, at *6.

Respectfully submitted,

NICHOLAS J. GANJEI
United States Attorney
THOMAS H. CARTER
Assistant U.S. Attorney
Southern District of Texas

MATTHEW R. GALEOTTI
Acting Assistant Attorney General

s/  Andrew Laing
ANDREW W. LAING
U.S. Department of Justice

JOHN J. LIOLOS
Criminal Division, Fraud Section

Criminal Division, Appellate Section
950 Pennsylvania Ave. NW
Washington, DC 20530
(202) 353-8433
andrew.laing@usdoj.gov

**CERTIFICATE OF COMPLIANCE**

This letter complies with the type-volume limitation of Federal Rule of Appellate Procedure 28(j) because of the body of this letter contains 350 words.

This letter complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Rule 32(a)(6) because this letter has been prepared in a proportionally spaced, 14-point serif typeface using Microsoft Word.

**CERTIFICATE OF SERVICE**

I certify that on August 21, 2025, I caused the foregoing letter to be served upon all Filing Users through the Court's Case Management/Electronic Case Files ("CM/ECF") system. I additionally served the foregoing letter upon Carlos M. Fleites, counsel for defendant Hrvatin, via email and identical hard copy.

s/ Andrew Laing
ANDREW W. LAING
U.S. Department of Justice
Criminal Division, Appellate Section
950 Pennsylvania Ave. NW
Washington, DC 20530
(202) 353-8433
andrew.laing@usdoj.gov