

Eric S. Rosen
(617) 802-9157
erosen@dynamisllp.com

August 28, 2025

The Hon. Lyle W. Cayce, Clerk
United States Court of Appeals for the Fifth Circuit
600 S. Maestri Place
New Orleans, LA 70130

    Re: *United States v. Edward Constantinescu, et al.*, No. 24-20143
    (argument scheduled for Sept. 3, 2025)

Dear Mr. Cayce:

The Defendants-Appellees submit this brief response to the Government's recent Rule 28(j) filing at Dkt. 132-1 concerning the Seventh Circuit's recent decision in *United States v. Smith*, --- F.4th ---, 2025 WL 2406104 (7th Cir. Aug. 20, 2025).

The Government's reliance on *Smith* highlights why spoofing amounts to wire fraud but the conduct alleged in the Superseding Indictment does not. The *Smith* court described spoofing as the placement of "deceptive orders" that the defendants "intended to cancel to push the market price a certain direction." *Id.* at 1. The gravamen of spoofing is the communication of false information that "deceives the marketplace about actual supply and demand." *Id.* at *2. Put differently, with spoofing defendants use a "material misstatement to trick a victim into a contract that requires handing over her

money or property." *Id*. at *5. While spoofers' misrepresentations may not have resulted in economic loss, *Smith* correctly explained that this did not matter because *Kousisis v. United States*, --- U.S.. ---, 145 S. Ct. 1382, 1392 (2025), determined that the federal fraud statutes are "agnostic about economic loss." *Id*. at *5.

Here, as explained in the Appellees' supplemental brief concerning *Kousisis* (Dkt. 126-1), the district court's decision did not hinge on a lack of victims' economic harm. Rather, the court's decision was predicated on the Indictment's failure to allege *any* harm or injury to *any* victim. The Indictment described Defendants' profits at-length; but it failed to link those profits to anyone who had been deceived. The scheme alleged was simply not a scheme to obtain money *from a victim*. At best, it was a scheme aimed at making money for Defendants themselves.

Thus, *Smith* is of little import here. *Smith* simply confirms *Kousisis'* holding that wire fraud requires harm to victims, just not necessarily economic harm. Judge Hanen's decision did not rely on such reasoning, and therefore, his decision to dismiss the Indictment should be affirmed.

SUBMITTED BY:

/s/ *Eric S. Rosen*
**DYNAMIS LLP**
Eric S. Rosen
225 Franklin St., 26th Floor
Boston, MA 02110
(617) 802-9157–telephone
erosen@dynamisllp.com

**HILDER & ASSOCIATES, P.C.**
Q. Tate Williams
Philip H. Hilder
Stephanie K. McGuire
19 Lovett Blvd.
Houston, Texas 77006
(713) 655-9111–telephone
(713) 655-9112–facsimile
philip@hilderlaw.com
tate@hilderlaw.com
stephanie@hilderlaw.com